UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELLY LOOSE

    Plaintiff,

CASE NO:

vs.

J.P. MORGAN CHASE NATIONAL
CORPORATE SERVICES, INC,

    Defendant.

_____/

## COMPLAINT

Plaintiff, Shelly Loose ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues J.P. Morgan Chase National Corporate Services, Inc. for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2.     Venue is proper in this Court, the Western District of Michigan pursuant

to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Western District of Michigan.

3.    Plaintiff, Shelly Loose (hereinafter referred to as "Loose") is a resident of Byron Center, Michigan and is a qualified individual with a disability under the ADA. Loose suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she is a quadriplegic and requires a wheelchair for mobility and has limited use of her upper extremities. Prior to instituting the instant action where she holds accounts, Loose visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property due to the lack of compliance with the ADA. Loose continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4.    The Defendant, J. P. Morgan Chase National Corporate Services, Inc. is a corporation registered to do business and, in fact, conducting business in the State of Michigan. Upon information and belief, J. P. Morgan Chase National Corporate Services, Inc. (hereinafter referred to as "JP Morgan") is the owner, lessee and/or operator of the real property and an improvement that is the subject of this action, specifically the Chase Bank located at 4333 Division Avenue South located in Grand

Rapids, Michigan (hereinafter referred to as the "Bank").

5. All events giving rise to this lawsuit occurred in the Western District of Michigan.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Bank owned by JP Morgan is a place of public accommodation in that is it a bank operated by private entity that provides goods and services to the public.

8. Defendant has discriminated and continues to discriminate against Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Bank in derogation of 42 U.S.C §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Bank owned by JP Morgan. Prior to the filing of this lawsuit, Plaintiff visited the Bank at issue in this lawsuit and were

denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers to access listed in Paragraph 11, below that she personally encountered. In addition, Plaintiff continues to desire and intends to visit the Bank, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access which remain at the Bank in violation of the ADA. Plaintiff has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. JP Morgan is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

    (i) The accessible drive-thru teller lane adjacent to the bank building has been closed to personal banking and it is the only lane that Plaintiff can operate as it does not require tight grasping and a long reach out of a vehicle window to operate;

    (ii) Vacuum tube drive thru teller lanes are not accessible to the extent that the tubes are out of reach from a wheelchair van and

      require tight grasping to operate;

(iii) The card reader necessary to access the ATM machine is out of reach for a wheelchair user;

(iv) There is no accessible route between the van accessible parking and the main entry to the bank due to columns obstructing the sidewalk and vehicles overhanging the accessible route;

(v) Accessible parking spaces are not located on the shortest accessible route to the entrance;

(vi) There is no lowered accessible teller counter inside the bank.

12. There are other current barriers to access and violations of the ADA at the Bank owned and operated by JP Morgan that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, JP Morgan was required to make its Bank, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, JP Morgan has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by JP Morgan pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against JP Morgan and requests the following injunctive and declaratory relief:

    A. That the Court declares that the property owned and administered by Defendant is violative of the ADA;

    B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E.    That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 6th day of October 2015.

    Respectfully submitted,

By:   /s/ Edward I. Zwilling
    Edward I. Zwilling, Esq.
    Bar No.: ASB-1564-L54E
    Schwartz Roller & Zwilling
    600 Vestavia Parkway, Suite 251
    Birmingham, Michigan  35216
    Telephone:   (205) 822-2701
    Facsimile:    (205) 822-2702
    Email: ezwilling@szalaw.com

By:   /s/ Steven M. Hyder
    Steven M. Hyder (P69875)
    The Hyder Law Firm
    824 S. Monroe Street
    Monroe, MI 48161
    734-241-6611
    hyders@hyderlawfirm.net